Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| SAMUEL YOUNG, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEHAVIOR INTERVENTION SERVICES, LLC, | ) | |
| | ) | |
| Serve: Kimberly Salis<br>2644 Metro Boulevard<br>St. Louis, MO 63043 | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| For Service by:<br>Sheriff of St. Louis County | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Samuel Young (hereinafter "Plaintiff"), by and through his attorney, and for Plaintiff's Petition for Sex Discrimination, Race Discrimination, and Retaliation, against Defendant Behavior Intervention Services, LLC, (hereinafter "BIS"), states as follows:

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. STATEMENT OF CLAIMS.**

1. This lawsuit includes claims of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended; and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

2. The acts, events, and occurrences described herein and the unlawful employment practices and unlawful discriminatory practices described herein occurred or were committed in St. Louis County, Missouri, and Plaintiff Samuel Young was first injured in St. Louis County, Missouri.

**B. PARTIES.**

3. Plaintiff Samuel Young (hereinafter alternatively "Young" or "Plaintiff") is a resident of St. Louis County, State of Missouri.

4. Plaintiff is an African-American Male citizen. At all times relevant herein, Plaintiff was an employee of Defendant Behavior Intervention Services, LLC (hereinafter "BIS") located in Maryland Heights, Missouri, in St. Louis County.

5. At all pertinent times hereto, Defendant BIS was an employer as defined by Title VII of the Civil Rights Act, as amended, for all actions herein, in that BIS employs fifteen (15) or more persons in the State of Missouri, is a For Profit Business incorporated, organized, and existing under the laws of the State of Missouri which is registered as a Limited Liability Company doing business in Saint Louis County, Missouri, and may be served by an through its Registered Agent, Ms. Kimberly Salis, located at 2644 Metro Boulevard, St. Louis, Missouri 63043.

6. The Court has Jurisdiction over this action because conduct alleged throughout this Petition and giving rise to Plaintiff's causes of action occurred in Saint Louis County, State of Missouri.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

7. Venue is proper in this action pursuant to Mo. Rev. Stat. § 508.010(2) or (4).

**C. EMPLOYMENT RELATIONSHIP.**

8. Plaintiff Samuel is an African-American Male.

9. At all times relevant herein, Plaintiff was employed by Defendant BIS as a Direct Support Professional (hereinafter "DSP") until his constructive termination.

10. At all times relevant herein, while employed by Defendant BIS, Plaintiff's supervisors were House Manager Marie Burns (hereinafter "Ms. Burns") and Michelle Pelate (hereinafter "Ms. Pelate") as House Director.

11. Plaintiff is a member of one or more protected classes under Title VII of the Civil Rights Act, based on his sex and race.

12. At all times relevant hereto, Defendant BIS employed six (15) or more full-time employees in the State of Missouri.

**D. WORK HISTORY.**

13. Defendant BIS employed Plaintiff from on or about March 29, 2022, until his constructive termination on or about August 10, 2025.

14. During Plaintiff's employment, he worked as a DSP providing Independent Supported Living (hereinafter "ISL") services and care to individuals with developmental disorders at various locations.

15. Plaintiff worked most of employment with BIS at one location in St. Ann, Missouri, located in the County of Saint Louis, Missouri.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

16. After having filed multiple complaints of misconduct by coworkers and false reports by coworkers because of my being an African-American and/or a Male, I was transferred to BIS's Ridge location in O'Fallon, Missouri (hereinafter "Ridge").

17. On or about August 10, 2025, Plaintiff was constructively terminated.

**E. WORK PERFORMANCE.**

18. During his employment, Plaintiff performed the duties and responsibilities of his job in an above satisfactory manner without incident prior to the below-described adverse employment actions.

**F. INCIDENTS OF DISCRIMINATORY CONDUCT**

19. On or about February 11, 2025, Plaintiff reported Ms. Ashley Kelly (hereinafter "Ms. Kelly"), a female coworker of his, for failing to complete her required job duties, including passing medication and providing necessary care to a client, and for Ms. Kelly's falsely stating that she was instructed by BIS to tell Plaintiff these were his duties.

20. After Plaintiff spoke to Ms. Kelley about these failures, she responded with hostility.

21. Afterwards, and in communication with BIS, Ms. Kelly falsely accused Plaintiff of being "aggressive" and "hostile."

22. Upon information and belief, Ms. Kelly complained of Plaintiff to BIS as "aggressive" and "hostile" due to Plaintiff's race and sex.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

23. Ms. Burns confirmed with Plaintiff that he was not responsible for passing the medication, yet Ashley Kelly's false report remained in the records.

24. On or about February 23, 2025, upon Plaintiff's arrival for his shift he noted that his coworker, Ms. Voltah Mogambi (hereinafter "Ms. Mogambi") had abandoned her shift without providing client updates and leaving the client in soiled clothing.

25. Plaintiff completed the required tasks left unperformed by Ms. Mogambi.

26. Plaintiff then reported the situation to Ms. Mogambi via email as a courtesy rather than reporting it to the Hotline.

27. Plaintiff also sent documentation of the incident to Ms. Burns.

28. Ms. Mogambi responded defensively, refused to acknowledge any wrongdoing, and later refused to speak to Plaintiff upon returning to work.

29. The next morning, after arriving for his shift Plaintiff documented and reported bruises on the client that Plaintiff had not previously noticed.

30. Instead of addressing Plaintiff's concerns, BIS informed him that he was placed on unpaid leave pending an investigation into multiple complaints made against him from female coworkers believed to be Ms. Kelly and Ms. Mogambi.

31. Upon information and believe, these complaints were made against Plaintiff in retaliation for his filing complaints against Ms. Kelly and Ms. Mogambi, individually, and because of Plaintiff's race and sex.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

32. On or about February 23, 2026, Ms. Kelly attempted to provoke a racial confrontation with Plaintiff by making a comment unrelated to work about how Plaintiff described her in prior reports.

33. Plaintiff did not engage, documented the incident, and reported the matter to Ms. Burns.

34. When BIS's Human Resources representative followed up with Plaintiff the conversation was focused not on Ms. Kelly's unprofessional conduct but on how Plaintiff had described Ms. Kelly in his shift notes.

35. On or about February 26, 2025, Plaintiff received an email from the HR director Ms. Jamie Klamert (hereinafter "Ms. Klamert"), stating that Plaintiff was required to complete two cultural sensitivity courses before being allowed to return to work.

36. Additionally, Plaintiff was informed by Ms. Klamert that he would not be permitted to return to his previous worksite where he had worked for three years without incident, but rather he was transferred to the Ridge location.

37. Transfer to Ridge significantly increased Plaintiff's commute from 15 minutes to nearly 40 minutes.

38. Upon information and belief, both female employees reported by Plaintiff, Ms. Kelly and Ms. Mogambi, were allowed to continue working at the St. Ann site.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

39. Due to being transferred to Ridge and the availability of hours there, Plaintiff's work hours were reduced from over 40 hours per week, including overtime, to 34 hours.

40. Additionally, Plaintiff was transferred without consideration for his availability as this new schedule was imposed without discussion and presented as a non-negotiable condition of continued employment.

41. Upon information and belief, these conditions were imposed on Plaintiff as direct result of his Race and/or Sex and because he had made complaints against his female coworkers, Ms. Kelly and Ms. Mogambi.

42. Despite Plaintiff filing complaints against Ms. Kelly and Ms. Mogambi, it became clear that BIS did not investigate the complaints but rather BIS investigated the retaliatory complaints made against Plaintiff by Ms. Kelly and Ms. Mogambi.

43. Upon information and belief, Plaintiff's concerns were dismissed outright by BIS and its employees because of his race and/or sex.

44. Plaintiff complained to BIS that both Ms. Kelly and Ms. Mogambi, in their respective complaints, alleged that Plaintiff was aggressive or hostile because of his race and/or sex.

45. Upon information and belief, Plaintiff's race and/or sex was the cause of the unfair treatment Plaintiff received compared to Ms. Kelly and Ms. Mogambi, both

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

females, as well as the basis for the retaliation Plaintiff suffered for exercising his rights in complaining of the discriminatory behavior of Ms. Kelly and Ms. Mogambi.

**F. ADVERSE EMPLOYMENT ACTIONS.**

46. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff suffered lost wages and significantly worse working conditions such as longer commutes and fewer hours, emotional distress, anxiety, and mental anguish.

47. As a direct and proximate result of the discriminatory actions and unfair treatment Plaintiff suffered disruptions in his ability to eat, sleep, and function in daily life.

48. Additionally, and as a direct and proximate result of the Defendant's discriminatory actions, Plaintiff experienced financial loss due to being placed on unpaid leave and a reduction in hours.

49. Upon information and belief, the lack of investigation by Defendant BIS into Plaintiff's complaints was a violation of Defendant BIS's written policy.

50. As a result of the above-described racial and sexual discrimination, for which Plaintiff suffered on a continuing basis from February 11, 2025 through Plaintiff's constructive termination on August 10, 2025, Plaintiff suffered damages.

51. On or about March 18, 2025, Plaintiff filed his Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

Employment Opportunity Commission ("EEOC"). Plaintiff's charge of discrimination was docketed as charge number 560-2025-02077 by the EEOC.

52. On December 31, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff for charge number 560-2025-02077. Plaintiff filed this action within ninety (90) days of the date on the Notice of Right to Sue and within two (2) years from the last act of discrimination. A copy of this Notice of Right to Sue is attached hereto as Exhibit 1.

**H. DAMAGES.**

53. As a direct and proximate result of the acts, events and occurrences of discrimination described herein, Plaintiff has and continues to suffer damages as follows:

a. Non-Economic Harm including (a) garden variety emotional distress, (b) loss of interest or pleasure in life activities, (c) diminished self-worth, (d) feelings of sadness, tearfulness, emptiness and hopelessness, (e) feelings of anger, irritability and frustration, (f) feelings of tiredness, lethargy and lack of energy, (g) general and situational anxiety, (h) loss of sleep and sleep disturbance, (i) loss of reputation, (j) loss of standing in the community, and (k) severe emotional distress;

b. Economic Harm including (a) lost wages and benefits, (b) damage to professional reputation, (c) loss or diminution of future wages, and (d) loss or diminution of employment opportunities; and

c. Attorney's fees associated with prosecution of claims.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

54. Other—Prejudgment Interest. Notice is hereby given that Plaintiff intends to seek prejudgment interest in accordance with §408.040 R.S.Mo. and §213.111 R.S.Mo. if this matter proceeds to trial.

55. Other—Punitive Damages. Notice is hereby given that Plaintiff will seek an award of punitive damages if the matter proceeds to trial.

**COUNT I**
**SEX DISCRIMIATION IN VIOLATION**
**OF TITLE VII OF THE CIVIL RIGHTS ACT**

COMES NOW, Plaintiff Samuel Young, by and through her attorney, and for Count I of Plaintiff's Petition for Damages against Defendant BIS, states as follows:

56. Plaintiff Samuel Young realleges, restates and incorporates by reference herein paragraphs 1 through 55 of Plaintiff's Petition as and for this paragraph 56.

57. At all times relevant hereto, Defendant BIS employed Plaintiff Samuel Young in the following role: Direct Support Professional.

58. At all times relevant hereto, as a male Plaintiff was a member in a protected class.

59. Defendant BIS, by and through its employees, engaged in unwelcomed and unlawful unemployment practices prohibited by Title VII of the Civil Rights Act of 1965, as amended., by treating Plaintiff Samuel Young differently, placing him on unpaid leave after he filed complaints against two female employees, transferring him

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

to a different location with an increased commute, reducing his hours and income as a result until he was constructively terminating, based on his sex as follows:

a. Defendant BIS, by and through its employees, treated Plaintiff differently because of his sex when:

i. Plaintiff's complaints against Ms. Kelly and Ms. Mogambi were not properly investigated;

ii. Plaintiff was placed on unpaid leave following retaliatory complaints filed by Ms. Ashley Kelly and Ms. Voltah Mogambi;

iii. Plaintiff was removed from the St. Ann location and transferred to the Ridge location;

iv. Plaintiff's hours were significantly reduced; and

v. Plaintiff was forced to participate in two cultural sensitivity courses.

vi. Plaintiff was accused of being "aggressive" and "hostile" by Ms. Ashley Kelly or Ms. Voltah Mogambi.

b. Defendant BIS, by and through its employees, prevented Plaintiff from working a reasonable number of hours, thus causing his income to significantly decrease and leading him to being constructively terminated when he resigned on or about August 10, 2025.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

60. In discriminating against Plaintiff Samuel Young with respect to his terms, conditions and privileges of employment, Defendant BIS, by and through its employees, acted with animus towards Plaintiff Samuel Young based on his sex, and the sex of Plaintiff Samuel Young actually played a role in and had a determinative influence on the adverse employment actions taken by Defendant BIS, by and through its employees, against Plaintiff Samuel Young.

61. As a direct and proximate result of the discrimination against Plaintiff Samuel Young with respect to his terms, conditions and privileges of employment based on his sex in violation of his rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq.*, Plaintiff Samuel Young sustained actual damages in excess of $25,000.00 as follows:

a. Back Wages from February of 2025, through the date of trial;

b. Past Economic Harm including employment search expenses.

c. Non-Economic harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness and hopelessness, (4) feelings of anger, irritability and frustration, (5) feelings of tiredness, lethargy and lack of energy, (6) general and situational anxiety, (7) loss of sleep and sleep disturbance, and (8) loss of reputation, (9) loss of standing in the community, and (10) severe emotional distress.

d. Attorney's fees associated with the prosecution of the claims.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

62. Plaintiff Samuel Young further seeks an award of punitive damages in the amount to be determined at trial and in accordance with 42 U.S. Code § 1981a because Defendant BIS, by and through its supervisors, intentionally harmed Plaintiff Samuel Young, and/or Defendant BIS, by and through its supervisors, acted with a deliberate and flagrant disregard for the safety of Plaintiff Samuel Young by engaging in unlawful employment practices and failing to maintain a workplace free of unlawful discrimination.

WHEREFORE, Plaintiff Samuel Young prays for judgment in favor of Plaintiff Samuel Young and against Defendant BIS, for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment interest thereon, and for post-judgment interest thereon at the rate set forth in 28 U.S.C. 1961, for an award of punitive damages, for reasonable attorney's fees and costs, and for such other and further relief as the Court may deem proper under the circumstances.

**COUNT II**
**RACE DISCRIMIATION IN VIOLATION**
**OF TITLE VII OF THE CIVIL RIGHTS ACT**

COMES NOW, Plaintiff Samuel Young, by and through his attorney, and for Count II of Plaintiff's Petition for Damages against Defendant BIS, states as follows:

63. Plaintiff Samuel Young realleges, restates and incorporates by reference herein paragraphs 1 through 62 of Plaintiff's Petition as and for this paragraph 63.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

64. At all times relevant hereto, Defendant BIS employed Plaintiff Samuel Young in the following role: Direct Support Professional.

65. At all times relevant hereto, as an African-American Plaintiff was a member in a protected class.

66. Defendant BIS, by and through its employees, engaged in unwelcomed and unlawful unemployment practices prohibited by Title VII of the Civil Rights Act of 1965, as amended., by treating Plaintiff Samuel Young differently, placing him on unpaid leave after he filed complaints against two female employees, transferring him to a different location with an increased commute, reducing his hours and income as a result until he was constructively terminating, based on his race as follows:

a. Defendant BIS, by and through its employees, treated Plaintiff differently because of his race when:

i. Plaintiff's complaints against Ms. Kelly and Ms. Mogambi were not properly investigated;

ii. Plaintiff was placed on unpaid leave following retaliatory complaints filed by Ms. Ashley Kelly and Ms. Voltah Mogambi;

iii. Plaintiff was removed from the St. Ann location and transferred to the Ridge location;

iv. Plaintiff's hours were significantly reduced; and

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

v. Plaintiff was forced to participate in two cultural sensitivity courses.

vi. Plaintiff was accused of being "aggressive" and "hostile" by Ms. Ashley Kelly or Ms. Voltah Mogambi.

c. Defendant BIS, by and through its employees, prevented Plaintiff from working a reasonable number of hours, thus causing his income to significantly decrease and leading him to being constructively terminated when he resigned on or about August 10, 2025.

67. In discriminating against Plaintiff Samuel Young with respect to his terms, conditions and privileges of employment, Defendant BIS, by and through its employees, acted with animus towards Plaintiff Samuel Young based on his race, and the race of Plaintiff Samuel Young actually played a role in and had a determinative influence on the adverse employment actions taken by Defendant BIS, by and through its employees, against Plaintiff Samuel Young.

68. As a direct and proximate result of the discrimination against Plaintiff Samuel Young with respect to his terms, conditions and privileges of employment based on his race in violation of his rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq.*, Plaintiff Samuel Young sustained actual damages in excess of $25,000.00 as follows:

a. Back Wages from February 2025, through the date of trial;

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

b. Past Economic Harm including employment search expenses.

c. Non-Economic harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness and hopelessness, (4) feelings of anger, irritability and frustration, (5) feelings of tiredness, lethargy and lack of energy, (6) general and situational anxiety, (7) loss of sleep and sleep disturbance, and (8) loss of reputation, (9) loss of standing in the community, and (10) severe emotional distress.

d. Attorney's fees associated with the prosecution of the claims.

69. Plaintiff Samuel Young further seeks an award of punitive damages in the amount to be determined at trial and in accordance with 42 U.S. Code § 1981a because Defendant BIS, by and through its supervisors, intentionally harmed Plaintiff Samuel Young, and/or Defendant BIS, by and through its supervisors, acted with a deliberate and flagrant disregard for the safety of Plaintiff Samuel Young by engaging in unlawful employment practices and failing to maintain a workplace free of unlawful discrimination.

WHEREFORE, Plaintiff Samuel Young prays for judgment in favor of Plaintiff Samuel Young and against Defendant BIS, for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment interest thereon, and for post-judgment interest thereon at the rate set forth in 28 U.S.C. 1961, for an award of

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

punitive damages, for reasonable attorney's fees and costs, and for such other and further relief as the Court may deem proper under the circumstances.

**COUNT III**
**RETALIATION IN VIOLATION**
**OF TITLE VII OF THE CIVIL RIGHTS ACT**

COMES NOW, Plaintiff Samuel Young, by and through her attorney, and for Count I of Plaintiff's Petition for Damages against Defendant BIS, states as follows:

70. Plaintiff Samuel Young realleges, restates and incorporates by reference herein paragraphs 1 through 69 of Plaintiff's Petition as and for this paragraph 70.

71. At all times relevant hereto, Defendant BIS employed Plaintiff Samuel Young in the following role: Direct Support Professional.

72. At all times relevant hereto, as an African-American and/or as a Male Plaintiff was a member in a protected class.

73. Plaintiff engaged in statutorily protected activity when on March 18, 2025, he filed his Charge of Discrimination against Defendant BIS for treating him differently from Ms. Ashley Kelly because of his race and/or sex, and for treating him differently from Ms. Voltah Mogambi because of his sex.

74. Plaintiff suffered an adverse employment action when he was not reassigned to the St. Ann location, and when his hours and income remained significantly reduced, and when his hours and income continued to be reduced.

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

75. Plaintiff's engagement in a protected activity is the but-for cause of the adverse employment actions described in Paragraph 74.

76. In retaliating against Plaintiff Samuel Young with respect to his terms, conditions and privileges of employment, Defendant BIS, by and through its employees, acted with animus towards Plaintiff Samuel Young based on his filing of a Charge of Discrimination against Defendant BIS, and the filing of his Charge of Discrimination actually played a role in and had a determinative influence on the adverse employment actions taken by Defendant BIS, by and through its employees, against Plaintiff Samuel Young after his Charge of Discrimination was filed.

77. As a direct and proximate result of the retaliation against Plaintiff Samuel Young with respect to his terms, conditions and privileges of employment as a result of his filing a Charge of Discrimination against Defendant BIS, in violation of his rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq*., Plaintiff Samuel Young sustained actual damages in excess of $25,000.00 as follows:

a. Back Wages from February 2025, through the date of trial;

b. Past Economic Harm including employment search expenses.

c. Non-Economic harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness and hopelessness, (4) feelings of anger, irritability and frustration, (5) feelings of tiredness, lethargy and lack of energy,

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

(6) general and situational anxiety, (7) loss of sleep and sleep disturbance, and (8) loss of reputation, (9) loss of standing in the community, and (10) severe emotional distress.

d. Attorney's fees associated with the prosecution of the claims.

78. Plaintiff Samuel Young further seeks an award of punitive damages in the amount to be determined at trial and in accordance with 42 U.S. Code § 1981a because Defendant BIS, by and through its supervisors, intentionally harmed Plaintiff Samuel Young, and/or Defendant BIS, by and through its supervisors, acted with a deliberate and flagrant disregard for the safety of Plaintiff Samuel Young by engaging in unlawful employment practices and failing to maintain a workplace free of unlawful discrimination.

WHEREFORE, Plaintiff Samuel Young prays for judgment in favor of Plaintiff Samuel Young and against Defendant BIS, for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment interest thereon, and for post-judgment interest thereon at the rate set forth in 28 U.S.C. 1961, for an award of punitive damages, for reasonable attorney's fees and costs, and for such other and further relief as the Court may deem proper under the circumstances.

Respectfully Submitted,

By: *<u>/s/ Anthony S. Bretz</u>*________
Anthony S. Bretz, #61075
BRETZ LEGAL, LLC
222 S. Central Ave., Ste. 301
Clayton, MO 63105
Phone: (314) 730-0394

Electronically Filed - St Louis County - March 31, 2026 - 10:35 PM

Fax: (314) 785-6500
Email: tbretz@bretzlegal.com
*Counsel For Plaintiff*